UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**RONNIE EDWARD REED,**

    **Plaintiff,**

vs.                                                      CASE NO.: 3:24-cv-463-MMH-JBT

**THOMAS KEVIN WATERS, in his
official capacity as Sheriff of the City of
Jacksonville, Florida; JOEL
BELGARD, individually; NICHOLAS
HACKLEY, individually; and
MARK MAZZONE, individually,**

    **Defendants.**

___

## NOTICE OF MEDIATION CONFERENCE

UPON THE COURT'S MOTION, IT IS HEREBY ORDERED as follows:

1.    The Court has appointed **MICHAEL I. COULSON** as this Court's Mediator to attempt to achieve a settlement of this cause.

2.    **AUTHORITY:** This mediation shall be conducted in accordance with, governed by, and subject to Florida Statutes 44.107 and 44.401-44.406 unless specifically objected to by an individual party or involved counsel, in writing, prior to the beginning of the mediation process. Absent such an objection, all parties will be deemed to have consented to proceeding pursuant to the above cited Florida Statutes.

3.    The Mediation Conference shall begin at **2:00 p.m.**, on **WEDNESDAY, FEBRUARY 12, 2025 via Zoom (a link with Zoom video conference log-in information will be provided separately by The Coulson Law Firm) or, at The Coulson Law Firm, 320 North First Street, Suite 708, (The Metropolitan Building) Jacksonville Beach, FL 32250**, and continue until recessed or terminated by the Mediator. The Mediator is hereby authorized

to resolve scheduling conflicts without further order, including rescheduling the Mediation Conference. The parties shall cooperate with the Mediator in any and all such matters.

    4.    **THE GENERAL RULES GOVERNING SAID MEDIATION CONFERENCE SHALL BE AS FOLLOWS:**

        a.    The appearance of counsel who will try the case and their clients (including an insurance company representative) with full and absolute authority to settle this case <u>without further consultation is mandatory</u>. A party or insurance company representative may be excused from attending the mediation conference by the mediator for good cause. The parties and their attorneys shall at all times negotiate in good faith.

        b.    The Court has the power and will impose sanctions for any party, attorney or insurance company representative not excused by the Mediator who does not attend the Mediation Conference with the requisite settlement authority. The participants shall spend as much time as is necessary in the discretion of the Mediator to settle the case or until an impasse is declared by the Mediator.

    5.    If there is a workers compensation lien or other subrogated interest, the parties are requested to give notice of said lien or subrogated interest to a representative of the lienholder and have the representative either at the Mediation Conference or available by telephone to negotiate the lien or subrogated interest.

    6.    Any party may communicate, through counsel, with the Mediator at any time regarding the conference. All discussions, representatives and statements made at the Mediation Conference shall be privileged as settlement negotiations and nothing related to the conference shall be admitted at trial or subject to discovery.

    7.    No less than 7 days before the Mediation Conference, each party shall furnish the Mediator, with copy to the adverse parties, a statement outlining that party's position and designating persons who will appear at the conference. The summary shall not be filed of record in this cause but shall state, without argument, the last settlement

position of that party. Counsel for corporate parties will state the name and general job description of the employee or agent who will attend and represent the corporate party.

8. The Mediator shall be compensated at the rate of **$500.00** per hour for all disputes involving two parties. Disputes involving three or more parties shall be billed at **$600.00** per hour. The applicable rate billed will be based upon the number of parties involved at the time of scheduling. There shall be a one **(1) hour charge** for any Mediation Conference which is rescheduled at the request of any party **at least five (5) business days prior** to the scheduled conference. If the case settles or if the mediation conference is rescheduled by request of the parties **less than five (5) business days prior** to the scheduled conference, the parties or the requesting party shall be **charged for three (3) hours** of the mediator's time, in the case scheduled for half day, and **charged five (5) hours** for a case scheduled for a full day.

9. Since the Mediator is responsible for scheduling the Mediation and preparing all of the necessary paperwork for submission to the Court for signature and distribution, the Mediator is entitled to charge a minimum of one (1) hour for the time involved in performing this administrative function.

10. The fee invoice will be based on Mr. Coulson's mediation rate for all time spent on the matter, including conference calls, administration, including scheduling mediation, review of submitted materials and related research, as well as the scheduled mediation and caucus sessions, travel time and mileage, the issuance of any mediation opinions or reports, and any time devoted to further negotiations arising out of the mediation.

11. Unless otherwise directed, the total fee and incurred costs will be divided evenly among all named to the dispute who participate in the mediation process. In all cases in which one or more parties require long distance calling to facilitate the mediation, those parties shall be charged an additional fee of $10.00 each to cover the expense of the calls. A detailed bill will be submitted to each party following the conclusion of the

mediation covering all time and costs expended in connection with the engagement as of the billing date. All bills are due upon receipt.

12. In the event a mediation is begun, as scheduled, and is settled, continued or terminated for any reason, a minimum charge of three (3) hours will be made for a scheduled half-day Mediation Conference, or a six (6) hour minimum charge for a scheduled full day Mediation Conference. If, in the event parties are added after the mediation has been scheduled, resulting in the mediation involving multiple parties, the mediator shall charge the parties his usual and customary multi-party rate.

13. While it is understood that our invoice may be subject to reimbursement from your client, or even forwarded to your client for direct payment, please understand this engagement (without security deposit) has been accepted in reliance upon our relationship with you and your firm. **Should the firm not agree to assure payment, please advise us in writing, together with the name and contact information of the financially responsible client representative, in order that we may invoice directly for a security deposit.**

14. Counsel for Plaintiff(s) shall give written notice to the Court and to the Mediator within three (3) days of settlement or dismissal of the cause.

Dated at Jacksonville Beach, Duval County, Florida, this 26 day of November, 2024.

**RESPECTFULLY SUBMITTED,**

*/s/ Michael I. Coulson*

MICHAEL I. COULSON - **Mediator**
Certification No: 5891 R
320 North First Street, Suite 708
Jacksonville Beach, FL  32250
mcoulson@smithcoulson.com
(904) 296-9919
(904) 296-8323 - Fax

## Certificate of Service

I DO HEREBY that a copy of the foregoing has been furnished to the below-named attorneys by electronic filing this 26 day of November, 2024.

John D. Webb, Esquire
John D. Webb, P.A.
1662 Stockton Street
Jacksonville, FL 32204
**Attorneys for Plaintiff**

Sean Gfranat, Esquire
Office og General Counsel
117 West Duval Street, Suite 480
Jacksonville, FL 32202
**Attorneys for Defendant - T.K. Waters**

Paul Daragjati, Esquire
Paul Daragjati, PLC
4745 Sutton Park Court, Suite 503
Jacksonville, FL 32224
**Attorneys for Defendants - Officers**

/s/ Michael I. Coulson
_____
Mediator